Michael K. Brown (SBN 104252)
Thomas J. Yoo (SBN 175118)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone:    213.457.8000
Facsimile:    213.457.8080
Email: mkbrown@reedsmith.com
tyoo@reedsmith.com

Steven J. Boranian (SBN 174183)
Alison B. Riddell (SBN 246120)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Telephone:    415.543.8700
Facsimile:    415.391.8269
Email: sboranian@reedsmith.com
ariddell@reedsmith.com

Attorneys for Defendant
Merck & Co., Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMC

MARTIN G. HERNANDEZ, and MARIA G. HERNANDEZ

Plaintiffs,

vs.

MERCK & COMPANY, INC., a corporation; MCKESSON CORPORATION, a corporation; and DOES 1 to 100, inclusive,

Defendants.

No.: C 07 5004

(Removal from San Francisco Superior Court Case No. CGC-06-456602)

**DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b)**

ORIGINAL FILED
SEP 27 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PLEASE TAKE NOTICE that defendant Merck & Co., Inc. ("Merck") hereby removes the state court action described below to this Court. Removal is warranted under 28 U.S.C. § 1441 because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

1.  On September 29, 2006, Plaintiffs Martin G. Hernandez and Maria C. Hernandez ("Plaintiffs"), commenced this action entitled *Hernandez v. Merck & Co., Inc., et al.*, Case No. CGC-06-456602 ("the/this action") against Merck by filing a Complaint in San Francisco County Superior Court. A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A."

2.  On September 26, 2007 Merck filed an Answer to the Complaint. A true and correct copy of the Answer filed in this action is attached hereto as Exhibit "B."

3.  No further proceedings have been had in this action.

4.  This action involves allegations regarding the prescription drug Vioxx. On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order transferring 148 Vioxx-related cases to the United States District Court for the Eastern District of Louisiana for coordinated pretrial proceedings under 28 U.S.C. § 1407. Merck intends to seek the transfer of this action to that Multidistrict Litigation ("MDL"), *In re VIOXX Products Liability Litigation*, MDL No. 1657, and shortly will provide the JPML with notice of this action pursuant to the procedure for "tag along" actions set forth in the rules of the JPML.

5.  As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Merck has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.§ 1441(B)

# I. MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6. Merck has not yet been served with this Complaint, and the Complaint was filed less than one year ago. This Notice is therefore timely under 28 U.S.C. § 1446(b). *See* Exhibit "A."

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 84(a).

8. All of the properly joined and served defendants consent to this removal.[1]

9. No previous request has been made for the relief requested herein.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs, who are acting in propria persona, and a copy is being filed with the Clerk of the Court of the State of California, County of Los Angeles.

# II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

---

[1] The Complaint purports to name a defendant other than Merck. But because any defendant other than Merck is fraudulently joined to this lawsuit, its consent to this removal is not required. *See* 28 U.S.C. § 1441(b); *see Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986) (co-defendants who are fraudulently joined need not join in a removal).

DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.§ 1441(B)

### A. The Amount In Controversy Requirement Is Satisfied

12. It is apparent from the face of the Complaint that Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiffs allege that they were injured as a result of Plaintiff Martin G. Hernandez ingesting of Vioxx. *See* Exhibit "A" at ¶¶ 1, 6. Plaintiffs seek general damages, special damages, loss of earnings and impaired earning capacity, past and future medical expenses, damages for loss of consortium, damages for past and future mental and emotional distress, damages for past and future lost household services, punitive and exemplary damages, restitution, disgorgement of profits, injunctive relief, attorney's fees, costs of suit and pre-judgment interest. *See* Exhibit "A" at pp. 23-24.

13. Federal courts around the country have ruled that federal diversity jurisdiction exists in similar actions alleging personal injuries caused by Vioxx. *See, e.g., Morgan v. Merck & Co., Inc.*, No. 3:03cv435WS (S.D. Miss. Mar. 29, 2004); *Benavidez v. Merck & Co., Inc.*, No. L-03-134 (S.D. Tex. Apr. 6, 2004); *Stubblefield v. Merck & Co., Inc.*, Civ. No. H-02-3139 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co., Inc.*, No. 02-C-4203 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co., Inc.*, No. 02-0196 (W.D. La. June 18, 2002); *Jones v. Merck & Co., Inc.*, Civ. No. 02-00186 (D. Haw. June 5, 2002). These courts were all presented with complaints seeking actual damages for injuries allegedly caused by Vioxx and all found, either explicitly or implicitly, that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied.

### B. There Is Complete Diversity Of Citizenship

14. There is complete diversity as between Plaintiffs and the sole properly joined defendant, Merck.

15. Merck is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One

DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B)

Merck Drive, Whitehouse Station, New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

16. Plaintiffs' complaint alleges that Plaintiff Martin G. Hernandez is a citizen of the State of California, and a resident of the County of San Joaquin. *See* Exhibit "A" at ¶ 13. Based on this allegation, Merck is informed and believes that Plaintiff Martin G. Hernandez is a citizen of the State of California.

17. Plaintiffs' complaint alleges that Plaintiff Maria C. Hernandez is a citizen of the State of California, and a resident of the County of San Joaquin. *See* Exhibit "A" at ¶ 14. Based on this allegation, Merck is informed and believes that Plaintiff Maria C. Hernandez is a citizen of the State of California.

18. Defendant Does 1-100 have been sued under fictitious names. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

19. The Complaint names McKesson Corporation as a defendant. *See* Exhibit "A." For the reasons set forth below, McKesson is fraudulently joined. Therefore, its citizenship must be ignored for the purposes of determining removal jurisdiction. *See McCabe v. General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987).

20. A defendant is fraudulently joined "if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citations omitted). *Accord United Computer Sys.*, 298 F.3d at 761; *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, ("In re PPA"), MDL No. 1407, Docket No. C02-423R, Slip. Op. at 3 (W.D. Wash. Nov. 27, 2002). A true and correct copy of *In re PPA* is attached hereto as Exhibit "C" (denying plaintiffs' motion to

remand after finding resident retailer fraudulently joined). The fraudulent joinder of McKesson is obvious under well-settled state law because there is no legal basis for the claims Plaintiff seeks to bring against this defendant as pleaded.

C. **Distributor-Defendant McKesson Is Fraudulently Joined**

21. The fraudulent joinder of McKesson is obvious under well-settled state law because plaintiffs have failed to make any material allegations against it and there is no legal basis for the claims as pleaded. *See, e.g., Brown v. Allstate Insur.*, 17 F. Supp. 2d 1134, 1137, (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations against [the in-state defendants] are made"); *Lyons v. American Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them).

22. The crux of the Complaint is an alleged failure to adequately warn of alleged side effects associated with the use of Vioxx, yet notably absent are any specific allegations that McKesson made any specific representations or warranties to plaintiffs or plaintiffs' prescribing physician, or that plaintiffs or plaintiffs' prescribing physicians relied on any such specific representations or warranties by McKesson. Accordingly, plaintiffs have failed to meet the minimal pleading requirements to state a claim against McKesson. *See, e.g., Taylor AG Industries v. Pure-Gro*, 54 F.3d 555, 558 (9th Cir. 1995) (dismissing breach of express warranty claim against distributor due to plaintiffs' failure to identify any statements made by the distributor that were inconsistent with or went beyond either the product labels or the Product Guide provided by manufacturer). *See also Cox v. Depuy Motech, Inc.*, 2000 WL 1160486, at *5 (S.D. Cal. 2000) (causation is an essential element of strict liability and negligence claims); *Keith v. Buchanan*, 173 Cal. App. 3d 13, 25 (1985) (actual reliance is an element of implied warranty claim); *B.L.M. v. Sabo*

*& Deitsch*, 55 Cal.App.4th 823, 834 (1997) (to state a claim of negligent misrepresentation, plaintiff must at least identify the alleged misrepresentation).

23.  Plaintiffs cannot cure this deficiency by simply relying on allegations directed toward "defendants." *See In re PPA*, MDL No. 1407, Slip Op. at 5 (Exhibit "C") (allegations directed toward "defendants" or "all defendants" insufficient).

24.  The general allegation that Defendants knew of the alleged risks associated with the use of Vioxx are particularly deficient because the wholly conclusory claims are undermined and contradicted by the more specific allegations of Merck's concealment and misrepresentation of the same information. *See, e.g., In re PPA*, MDL 1407, Slip. Op. at 7 (Exhibit "C") (allegations that "manufacturer defendants concealed material facts regarding PPA through product packaging, labeling, advertising, promotional campaigns and materials, and other methods . . . directly undermines and contradicts the idea that [the resident retail defendant] had knowledge or reason to know of alleged defects."). The allegations of Merck's purported concealment and misrepresentation of the alleged risks of Vioxx belie any inference that McKesson, a wholesale distributor, had knowledge of that which was allegedly concealed.

25.  Even if plaintiffs had directed allegations at McKesson, there remains no legal basis for the causes of action asserted against McKesson because plaintiff's claims are based on an alleged failure to warn and premised – for McKesson – on a non-existent duty to warn. Under California law, McKesson bears no duty to warn based on the "learned intermediary" doctrine. The "learned intermediary" doctrine, the foundation of prescription drug product liability law, provides that the duty to warn about a drug's risks runs from the manufacturer to the physician (the "learned intermediary"), and then from the physician to the patient. *See Brown v. Superior Court*, 44 Cal. 3d 1049, 1061-1062, n.9 (1988); *Carlin v. Superior Court*, 13 Cal. 4th 1104, 1116 (1996). It is the physician, and only the physician, who is charged with prescribing the appropriate drug and communicating the relevant risks to the patient. *See Brown*, 44 Cal.3d at 1061-62.

DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B)

26.     The rationale of the "learned intermediary" doctrine is that it is the physician that is in the best position to determine whether a patient should take a prescription drug and that imposing a duty on others to warn patients would threaten to undermine reliance on the physician's informed judgment. For this reason, courts have rejected imposing liability on distributors like McKesson for failure to warn of the risk of a prescribed drug. *See, e.g., Barlow v. Warner-Lambert Co.*, Case No. CV 03 1647 R (RZx), slip op. at 2 (C.D. Cal. April 28, 2003). (a true and correct copy of *Barlow v. Warner-Lambert* is attached hereto as Exhibit "D" ("The Court finds that there is no possibility that plaintiffs could prove a cause of action against McKesson, an entity which distributed this FDA-approved medication [Rezulin] to pharmacists in California;" motion to remand denied); *Skinner v. Warner-Lambert Co.*, Case No. CV 03 1643-R (RZx), slip op. at 2 (C.D. Cal. April 28, 2003) (a true and correct copy is attached hereto as Exhibit "E") (same); *Murphy v. E.R. Squibb & Sons, Inc.*, 40 Cal. 3d 672, 680-81 (1985) (under the learned intermediary doctrine, retail pharmacies can have no general duty to warn consumers of effects of prescription drugs); *In re Baycol Prods. Litig.*, MDL No. 1431, Case No. 02-139, slip op. at 3-4 (D. Minn. May 24, 2002) (a true and correct copy is attached hereto as Exhibit "F") (retail distributor of prescription drugs fraudulently joined); *Schaerrer v. Stewart's Plaza Pharmacy*, 79 P.3d 922, 929 (Utah 2003) (a true and correct copy is attached hereto as Exhibit "G") (declining to extend duty to warn to retail distributor of prescription diet drug as long as [their] "ability to distribute prescription drugs is limited by the highly restricted FDA-regulated drug distribution system in this country . . .").

27.     Moreover, it is undisputed that through a collaborative process, Merck and the FDA prepared the information to be included with the prescription drug, Vioxx, with the FDA having the final approval of the information that could be presented. Once the FDA has determined the form and content of the information, it is a violation of federal law to augment the information. *See* 21 U.S.C. § 331(k) (prohibiting drug manufacturers and distributors from causing the "alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling" of an FDA-approved drug held for sale); *Brown v. Superior Court,* 44 Cal. 3d 1049, 1069 n.12. (1988) (The FDA regulates the testing, manufacturing, and marketing of drugs, including the content of their

DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.§ 1441(B)
DOCSSFO-12491667.1-ABRIDDEL

warning labels.) Thus, McKesson and AmerisourceBergen could not change the information they were given by Merck as approved by the FDA without violating federal law. No duty can be found where it requires a party to violate the law to fulfill it.

WHEREFORE, Defendant Merck respectfully removes this action from the Superior Court of the State of California for the County of San Francisco, Case Number CGC-06-456602 to this Court pursuant to 28 U.S.C. § 1441.

DATED: September 27, 2007

REED SMITH LLP

By _/s/ Alison B. Riddell_
Alison B. Riddell
Attorneys for Defendant
Merck & Co., Inc.

DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B)