**EXHIBIT "A"**

1  Martin G. Hernandez
   Maria C. Hernandez
2  2674 Nemaha Way
   Stockton, CA 95206
3  Telephone: 209-271-2808

4

5  PLAINTIFFS IN PROPRIA PERSONA

6

7

8

9

10

**FILED**

San Francisco County Superior Court

SEP 2 9 2006

GORDON PARK-LI, Clerk
BY: _____

CASE MANAGEMENT CONFERENCE SET

MAR 2 - 2007 - 9⁰⁰ AM

DEPARTMENT 212

SUMMONS ISSUED

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

11  MARTIN G. HERNANDEZ, and MARIA C.
    HERNANDEZ,
12
              Plaintiffs,
13
14        v.
15
    MERCK & COMPANY, INC., a corporation;
16  McKESSON CORPORATION, a corporation;
    and DOES 1 through 50, inclusive and DOES 1-
17  100, inclusive,
18
              Defendants.
19  _____

CASE NO. **CGC-06-456602**

**COMPLAINT FOR PERSONAL
INJURIES RELATING TO VIOXX**

**Demand for Jury Trial**

20       Plaintiffs Martin G. Hernandez and Maria C. Hernandez hereby allege as follows:

21                                    **INTRODUCTION**

22       This case involves the prescription drug Vioxx, which was manufactured, sold, distributed

23  and promoted by defendants primarily as a pain reliever. Defendants misrepresented that Vioxx was

24  a safe and effective treatment for osteoarthritis, management of acute pain in adults, and treatment

25  of menstrual pain, when in fact the drug caused serious medical problems, including cardiovascular

26  events.

27  ///

28

-1-

HERNANDEZ COMPLAINT IN PRO PER

M008641414

## GENERAL ALLEGATIONS

1.    This is an action for personal injuries and damages brought on behalf of Plaintiff Martin G. Hernandez who has been prescribed and supplied with, received, and who has taken and ingested and consumed the prescription drug Vioxx, as tested, studied, researched, evaluated, endorsed, designed, formulated, compounded, manufactured, produced, processed, assembled, inspected, distributed, marketed, labeled, promoted, packaged, advertised for sale, prescribed or otherwise placed in the stream of interstate commerce by Defendant Merck & Company, Inc., Defendant McKesson Corporation, and Defendant Does 1 through 50, and on behalf of Plaintiff Maria C. Hernandez who is the spouse of Plaintiff Martin G. Hernandez and has a loss of consortium claim. This action seeks, among other relief, general and special damages and equitable relief in order to enable Plaintiff to treat and monitor the dangerous, severe and life-threatening side effects caused by this drug.

2.    The true names or capacities, whether individual, corporate, or otherwise, of Defendant Does 1 through 50, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiffs believe and allege that each of the Defendants designated herein by fictitious names is in some manner legally responsible for the events and happenings herein referred to and caused damages proximately and foreseeably to Plaintiffs as alleged herein.

3.    At all times herein mentioned, "Defendants" include all those named herein as well as Defendant Does 1 through 50.

4.    At all times herein mentioned, each of the Defendants was the agent, servant, partner, aider and abettor, co-conspirator and joint venturer of each of the remaining Defendants herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy and joint venture and rendered substantial assistance and encouragement to the other Defendants, knowing that their conduct constituted a breach of duty owed to Plaintiffs.

5.    There exists, and at all times herein mentioned, there existed, a unity of interest in ownership between certain Defendants and other certain Defendants such that any individuality and separateness between the certain Defendants has ceased and these Defendants are the alter-ego of

-2-

M008641415

1  the other certain Defendants and exerted control over those Defendants. Adherence to the fiction of

2  the separate existence of these certain Defendants as an entity distinct from other certain Defendants

3  will permit an abuse of the corporate privilege and would sanction fraud and would promote

4  injustice.

5      6.      The injuries of Plaintiffs were caused by the wrongful acts, omissions, and fraudulent

6  misrepresentations of Defendants.

7      7.      At all times herein mentioned, corporate Defendant McKesson Corporation was, and

8  now is, a corporation with its principal place of business in the State of California, and Defendant

9  Merck & Company, Inc. was, and now is a New Jersey Corporation, registered to do business in the

10 State of California.

11     8.      At all times herein mentioned, one or more of the individual Defendants was, and

12 now is, a resident of the State of California.

13     9.      At all times herein mentioned, Defendants, and each of them, were engaged in the

14 business of, or were successors in interest to, entities engaged in the business of research, licensing,

15 designing, formulating, compounding, testing, manufacturing, producing, processing, assembling,

16 inspecting, distributing, supplying, marketing, labeling, promoting, packaging and/or advertising for

17 sale or selling the prescription drug known as Vioxx for the use and ingestion by Plaintiffs.

18     10.     At all times herein mentioned, Defendants were authorized to do business within the

19 State of California and did in fact supply the aforementioned products within the State of California.

20     11.     At all times herein mentioned, the officers and directors of Defendant Merck &

21 Company, Inc. participated in, authorized and directed the production and promotion of the

22 aforementioned product when they knew, or with the exercise of reasonable care should have

23 known, of the hazards and dangerous propensities of said product and thereby actively participated

24 in the tortious conduct which resulted in the injuries suffered by Plaintiffs herein.

25     12.     Plaintiffs file this lawsuit within two years of first suspecting that said drugs were the

26 cause of any appreciable harm sustained by Plaintiffs. Plaintiffs could not, by the exercise or

27 reasonable diligence, have discovered the wrongful cause of Plaintiffs' injuries at an earlier time

28 because the injuries were caused without perceptible trauma or harm, and when Plaintiffs' injuries

HERNANDEZ COMPLAINT IN PRO PER

1   were discovered their cause was unknown to Plaintiffs. Plaintiffs did not suspect, nor did Plaintiffs

2   have reason to suspect, that Plaintiffs had been injured, the cause of the injury, or the tortious nature

3   of the conduct causing injury, until less than two years prior to the filing of this action. Additionally,

4   Plaintiffs were prevented from discovering this information sooner because Defendants herein

5   misrepresented and continue to misrepresent to the public and to the medical profession that the

6   drugs are safe and free from serious side effects, and Defendants have fraudulently concealed facts

7   and information that could have led Plaintiffs to discover a potential cause of action.

8                                           **PARTIES**

9        Plaintiffs

10          13.    Plaintiff Martin G. Hernandez is a resident of the State of California and the County

11   of San Joaquin. Plaintiff ingested sufficient doses of Vioxx over a period of time and was severely

12   injured as a result, including suffering a transient ischemic attack and stroke.

13          14.    Plaintiff Maria C. Hernandez is a resident of the State of California and the County of

14   San Joaquin, and is, and at all times mentioned herein was, the lawful spouse of Plaintiff Martin G.

15   Hernandez, and has a loss of consortium claim.

16       Defendants

17          15.    Defendant Merck & Company, Inc. tested, studied, researched, evaluated, endorsed,

18   designed, formulated, compounded, manufactured, produced, processed, assembled, inspected,

19   marketed, labeled, promoted, packaged, advertised for sale, prescribed, supplied, sold and

20   distributed, or otherwise placed in the stream of interstate commerce, the prescription drug known

21   as Vioxx, which was ingested by Plaintiff.

22          16.    Defendant Merck & Company, Inc. was and is an American pharmaceutical

23   company, incorporated under the laws of the State of New Jersey, whose principal place of business

24   is One Merck Drive, P.O. Box 100, Whitehouse Station, New Jersey.  Said entity is licensed to and in

25   fact does business in the State of California, with its principal business office in California located in

26   Los Angeles County, and at all times relevant herein, it developed, manufactured, marketed,

27   distributed, and sold Vioxx in interstate commerce and in California.

28          ///

-4-

HERNANDEZ COMPLAINT IN PRO PER

1       17.    Defendant McKesson Corporation is a wholesale distributor of Merck products,

2   including Vioxx, who distributed, supplied, marketed, promoted, and/or sold the prescription drug

3   known as Vioxx, which was ingested by Plaintiff.

4       18.    Defendant McKesson Corporation was and is an American pharmaceutical company,

5   incorporated under the laws of Delaware, whose registered agent in California is the Prentice-Hall

6   Corporation System, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California, 95833, and

7   whose principal place of business is One Post Street, San Francisco, California, 94104.

8       19.    Defendant Does 1 through 50, who acted independently of, or jointly with other

9   Defendants, are in some manner legally responsible for the events and happenings herein referred to

10  and caused damages proximately and foreseeably to Plaintiffs as alleged herein.

11  **<u>OVERVIEW</u>**

12      20.    Vioxx was promoted by Defendants as a pain reliever, similar to Ibuprofen, but

13  without any of the known Ibuprofen side effects. Consumers relied on Defendants' promises of

14  safety and ease and flocked to pharmacies where millions of prescriptions were filled. What

15  consumers received, however, were not safe drugs, but drugs which cause life-threatening heart

16  problems, renal complications, and gastrointestinal infirmities.

17      21.    The market for such pain relieving drugs is huge. Vioxx was originally indicated for

18  osteoarthritis and pain. Approximately twenty million Americans suffer from osteoarthritis alone. In

19  2002, the FDA approved an additional indication for rheumatoid arthritis, which affects an

20  additional two million Americans.

21      22.    According to Merck, more than 52 million prescriptions have been written for Vioxx

22  since 1999. Defendant Merck & Company, Inc. spent $135 million to promote the drug in the

23  United States. In the year 2001, Vioxx was the most heavily advertised drug to consumers. That

24  advertising paid off in a return of $2.6 billion in revenue in 2001, making Vioxx the world's

25  tenth-biggest selling medicine.

26      ///

27      ///

28      ///

-5-

HERNANDEZ COMPLAINT IN PRO PER

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

23.     The Food and Drug Administration approved Vioxx on May 20, 1999 for the treatment of dysmenorrhea (painful menstrual cramps), management of acute pain in adults, and for relief of the signs and symptoms of osteoarthritis. Subsequent to FDA approval, Vioxx was widely advertised and marketed by Defendants as a safe and effective pain relief medication.

24.     Vioxx is a member of a class of drugs known as "NSAIDs" (non-steroidal anti-inflammatory drug), but more specifically contains cyclooxygenase 2 ("COX-2 ") inhibitory properties. Generally, NSAIDs prevent the formation of fatty acid cyclooxygenases, of which there are two known types ("COX-1" and "COX 2"). Vioxx is generally different than NSAIDs in that it is solely a COX-2 inhibitor, the rationale being that if the COX-1 enzyme is unaltered, the patient will experience fewer gastrointestinal complications commonly associated with NSAIDs. Further, the inhibition of COX-2 enzymes is said to decrease pain and inflammation.

25.     After Vioxx was approved and made available to the public, Merck sponsored the Vioxx Gastrointestinal Outcomes Research study (hereafter "VIGOR") to obtain information regarding clinically meaningful gastrointestinal events and to develop a large controlled database for overall safety assessment. At the conclusion of the VIGOR study, it was reported that serious cardiovascular events occurred in 101 patients who took Vioxx, compared to 46 patients who took naproxen (a type of over-the-counter NSAID). Additionally, myocardial infarctions ("MI") occurred in 20 patients in the Vioxx treatment group as opposed to only four patients in the naproxen treatment group.

26.     In addition to the aforementioned, Vioxx has been linked to several severe and life threatening medical disorders including, but not limited to, edema, changes in blood pressure, heart attack, stroke, seizures, kidney and liver damage, pregnancy complications and death. These known material risks were not disclosed to or shared with Plaintiffs by any Defendant.

27.     Defendants' strategy beginning in the 1990's has been to aggressively market and sell their products by falsely misleading potential users about the products and by failing to protect users from serious dangers which Defendants knew or should have know to result from use of these products.

///

-6-

M008641419

28.    Defendants widely and successfully marketed Vioxx in the United States, by undertaking an advertising blitz extolling the virtues of Vioxx in order to induce widespread use of the products. The marketing campaign consisted of television advertisements directed to the consumer generally and plaintiff herein specifically, promotional literature to be placed in the offices of doctors and other health care providers, and other promotional materials provided to potential Vioxx users. Said advertising blitz directed to consumers was of such magnitude and proportion that the legal doctrine of "learned intermediary" does not apply to the sale, distribution, prescribing, and ingestion by Plaintiff of Vioxx.

29.    The advertising program, as a whole, sought to create the image, impression and belief by consumers and physicians that the use of Vioxx was safe for human use, had fewer side effects and adverse reactions than other pain relief medications and would not interfere with daily life, even though the Defendants knew these to be false, and even though the Defendants had no reasonable grounds to believe them to be true.

30.    Defendants, and each of them, purposefully downplayed and understated the health hazards and risks associated with Vioxx. Defendants, through promotional literature, audio conferences, professional meetings, and press releases deceived potential users of Vioxx by relaying positive information, including testimonials from satisfied users, and manipulating statistics to suggest widespread acceptability, while downplaying the known adverse and serious health effects. Defendants concealed material relevant information from potential Vioxx users and minimized user and prescriber concern regarding the safety of Vioxx.

31.    In particular, in the materials produced by Defendants, Defendants falsely misrepresented the severity, frequency and nature of adverse health effects caused by Vioxx, and falsely represented that adequate testing had been conducted concerning Vioxx.

32.    Defendant Merck's conduct was such that the FDA wrote the company a "Warning Letter" in September 2001 which demanded Merck correct the false and/or misleading messages contained in the promotional campaign for Vioxx. Most if not all of the noted misrepresentations were made in reference to the VIGOR study conducted by Merck. Aforesaid warning letter delineated the following misrepresentations made during six promotional audio conferences

-7-

M00864142O

1    presented on behalf of Merck by Peter Holt, M.D. Defendants misrepresented that:

2           (a)    "When you looked at the MI (myocardial infarction) rate, the rate was

3    different for the two groups. The MI rate for Vioxx was 0.4 percent and if you looked at the

4    Naprosyn arm it was 0.1 percent, so there was a reduction in the MIs in the Naprosyn group."

5           (b)    Defendants knew that this statement was false as the reason for the

6    difference between Vioxx and naproxen has not yet been determined. Defendants publicly asserted

7    that the naproxen is a "wonderful platelet inhibitor" when in fact this has not been proven. An

8    alternative explanation that Defendants carefully excluded from their promotional campaign is that

9    Vioxx may have pro-thrombotic properties, therefore providing an explanation for the increase in

10   adverse cardiac events.

11          (c)    Merck and its agents and/or representatives also falsely claimed that the

12   myocardial infarction rate associated with the use of Vioxx was 0.4%, when in fact it was clearly

13   0.5%. Though the difference in the number seems minuscule, when dealing with tens of millions of

14   prescriptions, the number of people affected by that 0.1% increase is very significant.  Furthermore,

15   Defendants failed to point out that the more affordable alternative, naproxen, has been statistically

16   proven to produce half as many myocardial infarctions as Vioxx. Such misrepresentations and

17   omissions were made not only at promotional audio conferences in June 2000, but also at the Annual

18   Meeting of the American Society of Health-Systems Pharmacists (ASHP), in Los Angeles, California,

19   on June 3-June 6, 2001.

20          (d)    Merck and its agents and/or representatives misrepresented claims regarding the

21   efficacy of Vioxx as compared to its competitor, Celebrex. When publicly comparing the VIGOR

22   study to a study done on Celebrex known as Celebrex Long-Term Arthritis Safety Study or

23   "CLASS," Defendants failed to inform consumers that the patient populations in the two studies

24   were extremely different. For instance, the VIGOR study excluded patients who had angina or

25   congestive heart failure with symptoms that occurred at rest or with minimal activity, as well as

26   patients taking aspirin or other antiplatelet agents. The CLASS study did not exclude these patients,

27   therefore making it more than likely that the CLASS trial included patients with a higher risk for

28   myocardial infarctions prior to their ingestion of Celebrex. Nevertheless, Defendants used the results

-8-

HERNANDEZ COMPLAINT IN PRO PER

M008641421

1  from aforementioned studies to misrepresent that Vioxx was the better drug.

2       (e)    Merck and its agents and/or representatives made false statements about the risk of

3  Vioxx therapy in patients who are taking warfarin. At an audio conference on June 16, 2000,

4  Defendants stated, "...if you look at the thromboembolic events it's very clear that these selective

5  COX-2 inhibitors (of which Vioxx is a member) have the benefit of not having platelet aggregation

6  and bleeding time, and therefore, can be used safely in terms of post-op and with Coumadin." This

7  statement flies in the face of the product insert (PI) included with each prescription of Vioxx. Said

8  insert states that "...in post-marketing experience, bleeding events have been reported, predominately

9  in the elderly, in association with increases in prothrombin time in patients receiving Vioxx

10  concurrently with warfarin."

11       (f)    Defendants' promotional audio conferences fail to present serious and significant

12  risks associated with Vioxx therapy.  For example, Defendants fail to state that Vioxx is

13  contraindicated in patients who have experienced asthma, urticaria, or allergic type reactions after

14  taking aspirin or other NSAIDs. Defendants also fail to present the gastrointestinal ("GI") warning

15  about the possibility of serious GI toxicity such as bleeding, ulceration, or perforation in patients

16  taking Vioxx.  Moreover, Defendants fail to present Vioxx's precautions for use in patients who have

17  liver and kidney disease, information about patient populations in which Vioxx's use is not

18  recommended, such as women in late pregnancy, and information about Vioxx's most common

19  adverse events.

20       33.    As a result of Defendants' advertising and marketing efforts, and representations

21  concerning the subject products, Vioxx was pervasively prescribed throughout the United States.

22       34.    If Plaintiffs in this action had known the risks and dangers associated with Vioxx,

23  Plaintiff would not have taken Vioxx and consequentially would not have been subject to its harmful

24  and fatal side effects.

25      ///

26      ///

27      ///

28      ///

-9-

HERNANDEZ COMPLAINT IN PRO PER

M008641422

## FIRST CAUSE OF ACTION

### Strict Liability - Failure to Warn

35.    Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 34 as though fully set forth herein.

36.    The drug product previously described was defective at the time of its manufacture, development, production, testing, inspection, endorsement, prescription, sale and distribution, in that, and not by way of limitation, said product and its warnings, instructions and directions failed to warn of the dangerous propensities of Vioxx, which risks were known or reasonably scientifically knowable to Defendants. Defendants, and each of them, knew or should have known of the defective condition, characteristics and risks associated with said product, as previously set forth herein. Nevertheless, Defendants failed to provide warnings of the dangerous propensities of Vioxx to both the medical community and the public at large, including Plaintiffs herein, that would have dissuaded Plaintiffs and other consumers from purchasing and consuming Vioxx.

37.    At all times herein mentioned, the aforementioned product was defective, and Defendants, and each of them, knew that the product was to be used by the user without inspection for defects therein. Plaintiffs neither knew nor had reason to know at the time of the use of the subject product of the existence of the aforementioned defects.

38.    The foregoing acts, conduct and omissions of Defendants, and each of them, were vile, base, willful, malicious, wanton, oppressive and fraudulent, and were done with a conscious disregard for the health, safety and rights of Plaintiff and other users of Defendants' product, for the primary purpose of increasing Defendants' profits from the sale and distribution of Vioxx and Defendants' financial interest in the continuing, uninterrupted distribution and marketing of Vioxx.

39.    As a result of the defective condition of the aforementioned product, Plaintiff suffered injuries and damages as alleged. Defendants' foregoing acts, conduct and omissions additionally warrant an award of exemplary and punitive damages against each Defendant, and Plaintiffs should therefore further recover punitive damages in an amount according to proof against Defendants to punish and make an example of each Defendant, and to deter Defendants and others from engaging in similar conduct in the future.

-10-

## SECOND CAUSE OF ACTION

### Negligence

40.     Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 39 as though fully set forth herein.

41.     At all times herein mentioned, Defendants, and each of them, had a duty to properly manufacture, design, formulate, compound, test, produce, process, assemble, inspect, research, distribute, market, label, package, prepare for use, sell, prescribe and adequately warn of the risks and dangers of Vioxx.

42.     At all times herein mentioned, Defendants, and each of them, negligently and carelessly manufactured, designed, formulated, distributed, compounded, produced, processed, assembled, inspected, marketed, labeled, packaged, prepared for use and sold the aforementioned product and failed to adequately test and warn of the risks and dangers of the aforementioned product.

43.     Despite the fact that Defendants knew or should have known that Vioxx caused unreasonable, dangerous side effects, Defendants continued to market Vioxx to consumers including Plaintiff, when there were safer alternative methods of treating osteoarthritis and acute pain.

44.     Defendants knew or should have known that consumers such as Plaintiff would foreseeably suffer injury as result of Defendants' failure to exercise ordinary care as described above. Defendants' negligence was a proximate cause of Plaintiff's injuries, harm and economic loss which Plaintiff suffered and will continue to suffer as previously described.

45.     Said reckless acts were conducted in conscious and malicious disregard for the health, safety and rights of Plaintiffs.  Said disregard resulted in injuries and damages to Plaintiffs and warrants recovery of punitive damages by Plaintiffs against said Defendants, and each of them.

## THIRD CAUSE OF ACTION

### Negligence Per Se

46.     Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 45 as though fully set forth herein.

47.     At all times herein mentioned, Defendants, and each of them, had an obligation not

-11-

M008641424

1  to violate the law in the manufacture, design, formulation, compounding, testing, production,

2  processing, assembly, inspection, research, distribution,  marketing, labeling, packaging, preparation

3  for use, sale and warning of the risks and dangers of the aforementioned product.

4      48.  At all times herein mentioned, Defendants, and each of them, violated the Federal

5  Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq., related amendments and codes and federal

6  regulations provided thereunder, the Sherman Food, Drug and Cosmetic Law, California Health and

7  Safety Code §§ 110290, 110390, 110395, 110398, 110400 and 111330, formerly §§ 26400, 26460,

8  26461, 26461.5, 26462, 26630 et seq., and California Civil Code §§ 1750, 1790 et seq., and regulations

9  promulgated thereunder, and other applicable laws, statutes and regulations.

10      49.  Plaintiff, as a purchaser and consumer of Vioxx, is within the class of persons the

11  statutes and regulations described above are designed to protect, and Plaintiff's injuries are the type

12  of harm these statutes are designed to prevent.

13      50.  Defendants failed to meet the standard of care set by the following statutes and

14  regulations, which were intended for the benefit of individuals such as Plaintiff, making Defendants

15  negligent per se:

16      (a)  The labeling lacked adequate information on the use of Vioxx, even though

17  Defendants were aware of the widespread use of the Vioxx.  (21 C.F.R. § 201.56(a) and (d).)

18      (b)  The labeling lacked adequate information on the approximate kind, degree and

19  duration of expected improvement, alone or in combination in violation of 21 C.F.R.

20  §201.57(c)(3)(i).

21      (c)  The labeling did not state that there was a lack of evidence to support the common

22  belief of the safety and advocacy of Vioxx. (21 C.F.R. § 201.57(c)(3)(i) and (iv) and (c)(2).)

23      (d)  The labeling failed to add warnings for serious cardiovascular, and cerebrovascular

24  events and death as soon as there was reasonable evidence of their association with   the drug.  (21

25  C.F.R. § 201.57(e).)

26      (e)  There was inadequate information for patients for the safe and effective use of

27  Defendants' drugs, in violation of 21 C.F.R. § 201.57(f)(2).

28      (f)  There was inadequate information regarding special care to be exercised by the

-12-

HERNANDEZ COMPLAINT IN PRO PER

M008641425

1    doctor for safe and effective use of Defendants' drugs in violation of 21 C.F.R. §201.57(f)(l).

2        (g)    The labeling was misleading and promotional in violation of 21 C.F.R. 201.56(b).

3        (h)    The labeling was misleading in violation of California Health and Safety Code

4    §§11130 and 110290.

5        (i)    Defendants' advertising and representations regarding the subject drug product were

6    false and misleading in violation of Health and Safety Code §§110390 and 110290, and Civil Code

7    §1770(a)(5).

8        (j)    There was a failure to warn and/or consult as required by California Code of

9    Regulations §1707.2.

10        51.    As a result of the violations of the statutes described above, Plaintiff suffered injuries

11    and damages as alleged herein.

12        52.    Said violations and reckless acts were conducted in conscious and malicious disregard

13    for the rights of Plaintiffs.  Said disregard resulted in injuries and damages to Plaintiffs and warrants

14    recovery of punitive damages by Plaintiffs against said Defendants, and each of them.

15                    **FOURTH CAUSE OF ACTION**

16                    **Breach of Implied Warranty**

17        53.    Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 52 as

18    though fully set forth herein.

19        54.    Prior to the time that the aforementioned product was used by Plaintiff, Defendants,

20    and each of them, impliedly warranted to Plaintiff and Plaintiff's agents and physicians that said

21    product was of merchantable quality and safe and fit for the use for which they were intended.

22        55.    Plaintiff was and is unskilled in the research, design and manufacture of the

23    aforementioned product and reasonably relied entirely on the skill, judgment and implied warranty of

24    Defendants in using the aforementioned product.

25        56.    The aforementioned product was neither safe for its intended use nor of

26    merchantable quality, as warranted by Defendants, in that Vioxx had dangerous propensities when

27    put to its intended use and would cause severe injuries to the user.  In reliance upon said warranties,

28    said product was purchased and ingested by Plaintiff.

-13-

HERNANDEZ COMPLAINT IN PRO PER

M008641426

57.    As a result of the aforementioned breach of implied warranties by Defendants, and each of them, Plaintiffs suffered injuries and damages as alleged herein.

### FIFTH CAUSE OF ACTION

### Breach of Express Warranty

58.    Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 57 as though fully set forth herein.

59.    At all times herein mentioned, Defendants expressly represented and warranted to Plaintiff and Plaintiff's agents and physicians, by and through statements made by Defendants or their authorized agents or sales representatives, orally and in publications, package inserts and other written materials intended for physicians, medical patients and the general public, that the aforementioned product was safe, effective, fit and proper for their intended use.  In reliance upon said warranties, said product was purchased and ingested by Plaintiff.

60.    In utilizing the aforementioned product, Plaintiff relied on the skill, judgment, representations and foregoing express warranties of Defendants, and each of them.  Said warranties and representations were false in that the aforementioned product was not safe and was unfit for the uses for which it was intended.

61.    As a result of the foregoing breach of express warranties by Defendants, and each of them, Plaintiff sustained the injuries and damages as herein alleged.

### SIXTH CAUSE OF ACTION

### Deceit by Concealment - Cal. Civil Code §§1709 - 1710

62.    Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 61 as though fully set forth herein.

63.    Defendants, and each of them, from the time that Vioxx was first tested, studied, researched, evaluated, endorsed, manufactured, marketed and distributed, and up to the present, willfully deceived Plaintiff by concealing from the Plaintiff, Plaintiff's physicians and the general public, the true facts concerning said pharmaceutical product, which Defendants, had a duty to disclose.

64.    As set forth above, Defendant Merck & Company, Inc. sponsored a large study

-14-

HERNANDEZ COMPLAINT IN PRO PER

M008641427

1    which concluded that patients taking Vioxx had four times the risk of heart attacks and that the risk

2    appears to increase over time.

3        65.    As set forth above, Defendant Merck & Co., Inc. received letters from the

4    Department of Health and Human Services in December of 1999 stating that it had been determined

5    that the promotional pieces utilized by Defendant Merck & Co., Inc. were false and misleading

6    because they contained misrepresentations of Vioxx's safety profile, unsubstantiated comparative

7    claims, and were lacking in fair balance.

8        66.    At all times herein mentioned, Defendants, and each of them, conducted a sales and

9    marketing campaign to promote the sale of the aforementioned drug product and willfully deceive

10    Plaintiff, Plaintiff's physicians and the general public as to the health risks and consequences of the

11    use of Vioxx.  Defendants, and each of them, were aware of the foregoing, and that Vioxx was not

12    safe, fit and effective for human consumption, the use of Vioxx is hazardous to health, and Vioxx

13    has a serious propensity to cause serious injuries to users, including but not limited to the injuries

14    suffered by Plaintiff as delineated herein.

15        67.    Defendants intentionally concealed and suppressed the true facts concerning Vioxx

16    with the intent to defraud Plaintiff, in that Defendants knew that Plaintiff's physicians would not

17    prescribe Vioxx, and Plaintiff would not have used Vioxx, if they were aware of the true facts

18    concerning the dangers of Vioxx.

19        68.    As a result of the foregoing fraudulent and deceitful conduct by Defendants, and

20    each of them, Plaintiff suffered injuries and damages as alleged herein.

21        69.    The foregoing acts, conduct and omissions of Defendants, and each of them, were

22    vile, base, willful, malicious, wanton, oppressive and fraudulent, and were done with a conscious

23    disregard for the health, safety and rights of Plaintiff and other users of Defendants' product, for the

24    primary purpose of increasing Defendants' profits from the sale and distribution of Vioxx and

25    Defendants' financial interest in the continuing, uninterrupted distribution and marketing of Vioxx.

26        70.    As a result of the defective condition of the aforementioned product, Plaintiffs

27    suffered injuries and damages as alleged.  Defendants' foregoing acts, conduct and omissions

28    additionally warrant an award of exemplary and punitive damages against each Defendant, and

HERNANDEZ COMPLAINT IN PRO PER

1  Plaintiffs should therefore further recover punitive damages in an amount according to proof against

2  Defendants to punish and make an example of each Defendant, and to deter Defendants and others

3  from engaging in similar conduct in the future.

4  ## SEVENTH CAUSE OF ACTION

5  ### Negligent Misrepresentation

6       71.     Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 70 as

7  though fully set forth herein.

8       72.     Defendants, and each of them, from the time that Vioxx was first tested, studied,

9  researched and were first manufactured, marketed and distributed, and up to the present made false

10  misrepresentations, as previously set forth herein, to Plaintiff, Plaintiff's physicians and the general

11  public, including but not limited to the misrepresentation that Vioxx was safe, fit and effective for

12  human consumption. At all times herein mentioned, Defendants, and each of them, conducted a

13  sales and marketing campaign to promote the sale of Vioxx and willfully deceive Plaintiff, Plaintiff's

14  physicians and the general public as to the health risks and consequences of the use of the

15  aforementioned product.

16       73.     Defendants made the foregoing representation without any reasonable ground for

17  believing them to be true. These representations were made directly by Defendants, by sales

18  representatives and other authorized agents of said Defendants, and in publications and other

19  written materials directed to physicians, medical patients and the public, with the intention of

20  inducing reliance and the prescription, purchase and use of the subject product.

21       74.     The foregoing representations by Defendants, and each of them, were in fact false, in

22  that Vioxx was not safe, fit and effective for human consumption, the use of Vioxx is hazardous to

23  health, and Vioxx has a serious propensity to cause serious injuries to users, including but not limited

24  to the injuries suffered by Plaintiff as delineated herein.

25       75.     The foregoing representations by Defendants, and each of them, were made with the

26  intention of inducing reliance and the prescription, purchase and use of Vioxx.

27       76.     In reliance on the misrepresentations by Defendants, and each of them, Plaintiff was

28  induced to purchase and use Vioxx.  If Plaintiff had known of the true facts and the facts concealed

-16-

M00864142g

1  by Defendants, Plaintiff would not have used Vioxx.  The reliance of Plaintiff upon Defendants'

2  misrepresentations was justified because such misrepresentations were made and conducted by

3  individuals and entities who were in a position to know the true facts.

4       77.    As a result of the foregoing negligent misrepresentations by Defendants, and each of

5  them, Plaintiff suffered injuries and damage as alleged herein.

### EIGHTH CAUSE OF ACTION

### Violation of Cal. Business & Professions Code §17200

8       78.    Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 77 as

9  though fully set forth herein.

10      79.    Plaintiffs are informed and believe and thereon allege that Defendants, and each of

11  them, by the acts and misconduct alleged herein, violated Business & Professions Code §17200.

12      80.    On behalf of the general public, Plaintiffs hereby seek injunctive, restitutionary and

13  other equitable relief, as appropriate against Defendants, and each of them, for their violations of §

14  17200.

15      81.    California Business & Professions Code § 17200 provides that unfair competition

16  shall mean and include "all unlawful, unfair or fraudulent business practices and unfair, deceptive,

17  untrue or misleading advertising.

18      82.    The acts and practices described in the preceding paragraphs were and are likely to

19  mislead the general public and therefore constitute unfair business practices within the meaning of

20  Business & Professions Code § 17200.  The acts of untrue and misleading advertising set forth in the

21  preceding paragraphs are incorporated by reference and are, by definition, violations of Business &

22  Professions Code § 17200.  This conduct includes, but is not limited to:

23      (a)    Representing to Plaintiff, Plaintiff's physicians and the general public that Vioxx was

24  safe, fit and effective for human consumption, knowing that said representations were false, and

25  concealing from Plaintiff, Plaintiff's physicians and the general public that Vioxx had a serious

26  propensity to cause injuries to users;

27      (b)    Engaging in advertising programs designed to create the image, impression and belief

28  by consumers, physicians and others that the use of Vioxx, was safe for human use, had fewer side

-17-

M008641430

1    effects and adverse reactions than other methods for treating osteoarthritis and acute pain,

2    constituted a convenient, safe form for treating osteoarthritis and acute pain and would not interfere

3    with daily life, even though Defendants knew these to be false, and even though Defendants had no

4    reasonable grounds to believe them to be true;

5         (c)    Purposely downplaying and understating the health hazards and risks associated with

6    Vioxx; and

7         (d)    Issuing promotional literature deceiving potential users of Vioxx by relaying positive

8    information and manipulating statistics to suggest widespread acceptability, while downplaying the

9    known adverse and serious health effects and concealing material relevant information regarding the

10   safety of Vioxx.

11        83.    These practices constitute unlawful, unfair and fraudulent business acts or practices,

12   within the meaning of California Business & Professions Code § 17200, as well as unfair, deceptive,

13   untrue and misleading advertising as prohibited by California Business & Professions Code §17500.

14        84.    The unlawful, unfair and fraudulent business practices of Defendants described

15   above present a continuing threat to members of the public in that Defendants continue to engage in

16   the conduct described therein.

17        85.    As a result of their conduct described above Defendants have been and will be

18   unjustly enriched. Specifically, Defendants have been unjustly enriched by receipt of hundreds of

19   millions of dollars in ill-gotten gains from the sale and prescription of Vioxx in California, sold in

20   large part as a result of the acts and omissions described herein.

21        86.    Because of the fraudulent misrepresentations made by Defendants as detailed above,

22   and the inherently unfair practice of committing a fraud against the public by intentionally

23   misrepresenting and concealing material information, the acts of Defendants described herein

24   constitute unfair or fraudulent business practices.

25        87.    Plaintiff, pursuant to California Business & Professions Code § 17203, seeks an order

26   of this court compelling Defendants to provide restitution, and to disgorge the monies collected and

27   profits realized by Defendants, and each of them, as a result of their unfair business practices, and

28   injunctive relief calling for Defendants, and each of them, to cease such unfair business practices in

-18-

HERNANDEZ COMPLAINT IN PRO PER

M008641431

1  the future.

2

## NINTH CAUSE OF ACTION

3

### Violation of Cal. Business & Professions Code §17500

4       88.    Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 87 as

5  though fully set forth herein.

6       89.    Plaintiffs are informed and believe and thereon allege that Defendants, and each of

7  them, by the acts and misconduct alleged herein, violated Business & Professions Code §17500.

8       90.    On behalf of the general public, Plaintiffs hereby seek injunctive, restitutionary and

9  other equitable relief, as appropriate against Defendants, and each of them, for their violations of §

10  17500.

11       91.    California Business & Professions Code § 17500 provides that it is unlawful for any

12  person, firm, corporation or association to dispose of property or perform services, or to induce the

13  public to enter into any obligation relating thereto, through the use of untrue or misleading

14  statements.

15       92.    At all times herein mentioned Defendants have committed acts of disseminating

16  untrue and misleading statements as defined by Business & Professions Code § 17500 by engaging in

17  the following acts and practices with intent to induce members of the public to purchase and use

18  Vioxx:

19       (a)    Representing to Plaintiff, Plaintiff's physicians and the general public that Vioxx was

20  safe, fit and effective for human consumption, knowing that said representations were false, and

21  concealing from the Plaintiff, Plaintiff's physicians and the general public that Vioxx had a serious

22  propensity to cause injuries to users;

23       (b)    Engaging in advertising programs designed to create the image, impression and belief

24  by consumers and physicians that the use of Vioxx, was safe for human use, had fewer side effects

25  and adverse reactions than other methods for treating osteoarthritis and acute pain, and would not

26  interfere with daily life, even though Defendants knew these to be false, and even though

27  Defendants had no reasonable grounds to believe them to be true;

28       (c)    Purposely down playing and understating the health hazards and risks associated with

-19-

M008641432

1    Vioxx; and

2        (d)    Issuing promotional literature deceiving potential users of Vioxx by relaying positive

3    information and manipulating statistics to suggest widespread acceptability, while down playing the

4    known adverse and serious health effects and concealing material relevant information regarding the

5    safety of Vioxx.

6        93.    The foregoing practices constitute false and misleading advertising within the

7    meaning of California Business & Professions Code § 17500.

8        94.    The acts of untrue and misleading statements by Defendants described herein above

9    present a continuing threat to members of the public in that the acts alleged herein are continuous

10    and ongoing, and the public will continue to suffer the harm alleged herein.

11        95.    As a result of their false and misleading statements described above, Defendants have

12    been and will be unjustly enriched. Specifically, Defendants have been unjustly enriched by hundreds

13    of millions of dollars in ill-gotten gains from the sale and prescription of Vioxx, sold in large part as a

14    result of the false or misleading statements described herein.

15        96.    Pursuant to California Business & Professions Code § 17535, Plaintiff seeks an order

16    of this court compelling Defendants to provide restitution, and to disgorge the monies collected and

17    profits realized by Defendants, and each of them, as a result of their unfair business practices, and

18    injunctive relief calling for Defendants, and each of them, to cease such unfair business practices in

19    the future.

20        97.    Plaintiff seeks the imposition of a constructive trust over, and restitution and

21    disgorgement of, the monies collected and profits realized by Defendants, and each of them, to cease

22    such false and misleading advertising in the future.

23    ## TENTH CAUSE OF ACTION

24    ### Violation of the Consumer Legal Remedies Act - Cal. Civil Code § 1750 et seq.

25        98.    Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 97 as

26    though fully set forth herein.

27        99.    Plaintiffs are informed and believe and thereon allege that Defendants, and each of

28    them, by the acts and misconduct alleged herein violated the Consumers Legal Remedies Act,

-20-

M008641433

1    California Civil Code § 1750 et seq. ("CLRA").

2        100.    Plaintiffs hereby seek injunctive relief as appropriate against Defendants, and each of

3    them, for their violations of Civil Code § 1750 et. seq.

4        101.    The CLRA applies to Defendants' actions and conduct described herein because it

5    extends to transactions which are intended to result, or which have resulted, in the sale of goods to

6    consumers.

7        102.    Plaintiffs are "consumers" within the meaning of California Civil Code § 1761(d).

8        103.    Defendants have violated, and continue to violate, the CLRA in representing that

9    goods have characteristics and benefits which they do not have in violation of Civil Code §

10   1770(a)(5).

11       104.    At all times herein mentioned Defendants have committed acts of disseminating

12   untrue and misleading statements as defined by Civil Code § 1770 by engaging in the following acts

13   and practices with intent to induce members of the public to purchase and use Vioxx:

14       (a)    Representing to Plaintiff directly, Plaintiff's physicians and the general public that

15   Vioxx was safe, fit and effective for human consumption, knowing that said representations were

16   false, and concealing from Plaintiff, Plaintiff's physicians and the general public that said product

17   had a serious propensity to cause injuries to users;

18       (b)    Engaging in advertising programs designed to create the image, impression and belief

19   by consumers and physicians that the use of Vioxx, was safe for human use, had fewer side effects

20   and adverse reactions that other methods for treating osteoarthritis and acute pain, and would not

21   interfere with daily life. even though Defendants knew these to be false, and even though

22   Defendants had no reasonable ground to believe them to be true;

23       (c)    Purposely downplaying and understating the health hazards and risks associated with

24   Vioxx; and

25       (d)    Issuing promotional literature deceiving potential users of Vioxx by relaying positive

26   information and manipulating statistics to suggest widespread acceptability, while downplaying the

27   known adverse and serious health effects and concealing material relevant information regarding the

28   safety of said product.

-21-

HERNANDEZ COMPLAINT IN PRO PER

105.   The foregoing practices constitute false and misleading advertising and representations within the meaning of Civil Code § 1770.

106.   The acts of untrue and misleading statements by Defendants described herein above present a continuing threat to members of the public and individual consumers in that the acts alleged herein are continuous and ongoing, and the public and individual consumers will continue to suffer harm alleged herein.

107.   Unless Defendants are enjoined from continuing to engage in these violations of the CLRA, Plaintiffs will continue to be harmed by the wrongful actions and conduct of Defendants.

108.   Pursuant to Civil Code § 1780, Plaintiff seeks an order of this court for injunctive relief calling for Defendants, and each of them, to cease such deceptive business practices in the future.

## ELEVENTH CAUSE OF ACTION

### Loss of Consortium

109.   Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 108 as though fully set forth herein.

110.   This cause of action cause of action is brought on behalf of Plaintiff Maria C. Hernandez, who is the spouse of the Plaintiff Martin G. Hernandez who consumed and ingested Vioxx. By reason of the injuries sustained by Plaintiff Martin G. Hernandez, Plaintiff Maria C. Hernandez has been and will continue to be deprived of consortium, society, comfort, protection, and service or her spouse, thereby causing and continuing to cause said Plaintiff grief, sorrow, mental anguish, emotional distress and pain and suffering.

## PUNITIVE DAMAGES ALLEGATIONS

111.   Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 110 as though fully set forth herein.

112.   The acts, conduct, and omissions of the Defendants, and each of them, as alleged throughout this complaint, were vile, base, willful, malicious, wanton, oppressive and fraudulent, and were done with a conscious disregard for the health, safety and rights of Plaintiffs and other users of Defendants' product, for the primary purpose of increasing Defendants' profits from the sale and

-22-

M008641435

1  distribution of Vioxx and Defendants' financial interest in the continuing, uninterrupted distribution

2  and marketing of Vioxx. Defendants' outrageous and unconscionable conduct warrants an award of

3  exemplary and punitive damages against each Defendant in an amount appropriate to punish and

4  make an example of each Defendant.

5      113.    Prior to the manufacturing, sale and distribution of said prescribed medication,

6  Defendants, and each of them, knew that the aforementioned medication was defective as previously

7  described herein and knew that those who were prescribed the medication would experience and did

8  experience severe physical, mental, and emotional injuries. Further, Defendants, and each of them,

9  through their officers, directors, managers, and agents, had knowledge that the medication presented

10  a substantial and unreasonable risk of harm to the public, including Plaintiffs herein, and as such,

11  said consumers of said drugs were unreasonably subjected to risk of injury or death from the

12  consumption of said product.

13      114.    Despite such knowledge, defendants, and each of them acting through their officers,

14  directors and managing agents for the purposed of enhancing defendants' profits, knowingly and

15  deliberately failed to remedy the known defects in said medication and failed to warn physicians and

16  the public, including Plaintiffs, of the extreme risk of injury occasioned by said defects inherent in

17  said product. Said Defendants and their individual agents, officers and directors intentionally

18  proceeded with the manufacturing, sale, and distribution and marketing of said medication, knowing

19  persons would be exposed to serious danger in order to advance Defendants' own pecuniary interest

20  and monetary profits. Defendants' conduct was carried on with willful and conscious disregard for

21  the health, safety and rights of Plaintiffs, entitling Plaintiffs to exemplary damages.

22      WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as

23  follows:

24      1.    General damages in an amount which will conform to proof at time of trial;

25      2.    Special damages in an amount within the jurisdiction of the Superior Court and

26          according to proof at the time of trial;

27      3.    Loss of earnings and impaired earning capacity according to proof at the time of trial;

28      4.    Medical expenses, past and future, according to proof at the time of trial;

HERNANDEZ COMPLAINT IN PRO PER

M0008641435

5.   Damages for loss of consortium, care, comfort, society and companionship in an amount within the jurisdiction of the Superior Court and according to proof;

6.   For past and future mental and emotional distress, according to proof;

7.   For past and future lost household services, according to proof;

8.   For punitive or exemplary damages according to proof;

9.   Restitution, disgorgement of profits, and other equitable relief;

10.   Injunctive relief;

11.   Attorney's fees;

11.   For costs of suit incurred herein;

12.   For pre-judgment interest as provided by law; and

13.   For such other and further relief as the Court may deem just and proper.

DATED: September 27, 2006

By: _____
     Martin G. Hernandez
     For Plaintiffs in Pro Per

DATED: September 27, 2006

By: _____
     Maria C. Hernandez
     For Plaintiffs in Pro Per

151171_1.doc

HERNANDEZ COMPLAINT IN PRO PER