1  Michael K. Brown (SBN 104252)
2  Thomas J. Yoo (SBN 174118)
   REED SMITH LLP
3  355 South Grand Avenue, Suite 2900
   Los Angeles, CA 90071
4  Telephone:    213.457.8000
   Facsimile:    213.457.8080
5  Email  mkbrown@reedsmith.com
          tyoo@reedsmith.com
6
   Steven J. Boranian (SBN 174183)
7  Alison B. Riddell (SBN 246120)
   REED SMITH LLP
8  Two Embarcadero Center, Suite 2000
   San Francisco, CA 94111-3922
9  Telephone:    415.543.8700
   Facsimile:    415.391.8269
10 Email: sboranian@reedsmith.com
          ariddell@reedsmith.com
11
   Attorneys for Defendant
   Merck & Co., Inc.
12                 UNITED STATES DISTRICT COURT
13               NORTHERN DISTRICT OF CALIFORNIA
14

| | |
|---|---|
| 15 MARTIN G. HERNANDEZ, and MARIA C.<br>HERNANDEZ<br>16<br>17     Plaintiffs,<br><br>18     vs.<br><br>19 MERCK & COMPANY, INC., a corporation;<br>MCKESSON CORPORATION, a corporation;<br>20 and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No. 3:07-cv-05004 MHP<br><br>**DEFENDANT MERCK & CO., INC.'S<br>NOTICE OF MOTION AND MOTION<br>TO STAY ALL PROCEEDINGS<br>PENDING A DECISION ON<br>TRANSFER BY THE JUDICIAL<br>PANEL ON MULTIDISTRICT<br>LITIGATION**<br><br>Hearing Date: November 26, 2007<br>Time:    2:00 p.m.<br>Courtroom:  15, 18th Floor<br>Compl. Filed: September 29, 2006<br>Trial Date:  None Set<br><br>Honorable Marilyn Hall Patel |

21
22
23
24
25
26
27
28

MERCK & CO., INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **November 26, 2007** at 2:00 p.m. or as soon as the matter can be heard, in Courtroom 15 on the eighteenth floor of the United States District Court for the Northern District of California, defendant Merck & Co., Inc. ("Merck") will and hereby does move for a stay of all proceedings pending the transfer decision by the Judicial Panel on Multidistrict Litigation. This motion is on the grounds that a stay of proceedings in this case is necessary and appropriate to achieve the judicial economies which underlie Section 1407 of the United States Code. Additionally, Merck would be substantially prejudiced by duplicative discovery and motion practice if a stay were not put in place.

This Motion is based on this Notice, the Memorandum of Points and Authorities in Support of the Motion to Stay All Proceedings Pending the Transfer Decision by the Judicial Panel on Multidistrict Litigation attached to and filed herewith, the Declaration of Alison B. Riddell in Support thereof, all papers filed in relation to defendants Merck's Motion, filed concurrently herewith, the complete files and records in this action, matters that may be judicially noticed, and any oral or documentary evidence that may be presented at the hearing on this matter.

DATED: October 18, 2007                    REED SMITH LLP


                                           By _____
                                              Alison B. Riddell
                                              Attorneys for Defendant
                                              Merck & Company, Inc.

MERCK & CO., INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

I.    **INTRODUCTION**

Defendant Merck & Co., Inc. ("Merck") moves this Court to stay all proceedings in this action pending its likely transfer to *In re VIOXX Prods. Liab. Litig.*, MDL No. 1657, the multidistrict litigation ("MDL") proceeding that has been established in the Eastern District of Louisiana to coordinate all federal product liability actions involving Vioxx® (the "Vioxx product liability actions"). *In re VIOXX Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005).

II.    **BACKGROUND**

A.    **MDL-1657**

On February 16, 2005 the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") issued a transfer order establishing MDL Proeeeding No. 1657, titled *In re VIOXX Products Liability Litigation.* The transfer order directed that the 148 actions that were the subject of the original motions for coordinated treatment pursuant to 28 U.S.C. § 1407 be transferred for coordinated pretrial proceedings in the U.S. District Court for the Eastern District of Louisiana before the Honorable Eldon E. Fallon. *In Re VIOXX Products Liability Litigation*, 360 F. Supp. 2d at 1352. In the Transfer Order, the Panel held:

> On the basis of the papers filed and hearing session held, the Panel finds that the cases in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All cases focus on the alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

MERCK & CO., INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

1  360 F. Supp. 2d at 1353-54. The MDL Panel also held that the "nearly 300 potentially related

2  actions pending in multiple federal districts . . . will be treated as potential tag-along cases." *Id.* at

3  1353 n. 1.

4       There is currently a process in place for affecting the transfer to Judge Fallon's court of

5  related Vioxx® product liability actions quickly and efficiently. Merck's counsel, in a written

6  submission known as a "tag-along letter," notifies the Panel twice a week of newly filed related

7  actions and developments in actions still under Panel consideration. The Panel has been issuing

8  conditional transfer orders transferring actions to Judge Fallon's court based on the information

9  contained in these tag-along letters. Since the first Transfer Order was issued on February 16, 2005,

10  more than 2,500 cases have been transferred to or filed directly in the MDL proceedings.

11

12  **B.  The Instant Action**

13       On September 29, 2006, plaintiffs Martin G. Hernandez and Maria C. Hernandez

14  ("Plaintiffs") commenced this action entitled *Hernandez v. Merck & Co., Inc., et al.,* ("the/this

15  action"), Case No. CGC-06-456602, against Merck by filing a Complaint in the Superior Court for

16  the State of California, County of San Francisco. *See* Declaration of Alison B. Riddell In Support Of

17  Merck & Co., Inc.'s Motion to Stay Proceedings ("Riddell Decl.") at ¶ 3. On September 27, 2007,

18  Merck timely removed this action to this Court based on diversity jurisdiction under 28 U.S.C. §

19  1332. *Id.* at ¶ 4. There is no dispute that this action involves the same factual inquiries that the

20  Panel noted were present in the Vioxx product liability actions generally, thereby warranting

21  coordinated pre-trial proceedings in the Eastern District of Louisiana. Specifically, it is clear from

22  the face of the Complaint that this case, like the other Vioxx product liability actions, focuses on the

23  alleged increased health risks (including heart attack and stroke) when taking Vioxx, and whether

24  Merck knew of these alleged increased risks and failed to disclose them to the medical community

25  and consumers. For example, in the Complaint, Plaintiffs allege that Plaintiff Martin G. Hernandez

26  ingested Vioxx and suffered a transient ischemic attack and stroke as a result. Complaint at ¶ 13.

27  Plaintiffs further allege that defendants "aggressively market[ed] and [sold] their products by falsely

28  misleading potential users about the products and by failing to protect users from serious dangers

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 4 –

1  which Defendants knew or should have known to result from use of these products" and that

2  defendants "purposefully downplayed and understated the health hazards and risks associated with

3  Vioxx." Complaint at ¶¶ 27, 30.

4

5      Pursuant to Rule 7.5(c) of the Rules of Procedure of the Judicial Panel on Multidistrict

6  Litigation ("R.P.J.P.M.L."), Merck provided notice to the MDL Panel of the pendency of this "tag-

7  along" action in a letter dated October 2, 2007. Riddell Decl. at ¶ 5, Exhibit A. Merck expects this

8  case to be listed on a conditional transfer order within two weeks of the Panel's receipt of the tag-

9  along letter. *Id.* Once the conditional transfer order is issued, Plaintiffs have fifteen days to object

10 to transfer in accordance with R.P.J.P.M.L. 7.4(c).[1] Assuming that Plaintiffs do not object to the

11 transfer order within this fifteen-day period, the transfer order will be filed in Judge Fallon's court

12 shortly thereafter and jurisdiction over the case will be transferred to the MDL.

13

14                        **III.    ARGUMENT**

15

16     The Court should exercise its discretion to stay all further proceedings in this action pending

17 its likely transfer to MDL-1657. The authority of a federal court to stay proceedings is well-

18 established. *Landis v. North American Co.,* 299 U.S. 248, 254 (1936) ("the power to stay

19 proceedings is incidental to the power inherent in every court to control the disposition of the causes

20 on its docket with economy of time and effort for itself, for counsel, and for litigants."); *accord*

21 *Denny v. Merck & Co., Inc.*, No. 04 Civ. 0526, slip op. (S.D. Tex. Dec. 6, 2004) ("[t]he power to

22 stay all proceedings is well established."). Courts analyze three factors when determining whether to

23 issue a stay of proceedings pending the MDL Panel's decision on transfer, namely: (1) the judicial

24

_____

25 [1]  In the event Plaintiffs choose to object to transfer to MDL-1657, there is a separate procedure for filing objections to
the transfer with the MDL Panel. The issue of whether the case should be transferred would be set for the next
26  available Panel hearing session. Given the overlapping factual issues this case appears to have with those already in
the MDL proceedings, any opposition would almost certainly be futile.
27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

MERCK & CO., INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

1  resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated;

2  (2) potential prejudice to the non-moving party if the action is not stayed; and (3) hardship and

3  inequity to the moving party. *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal.

4  1997).

5

6      Federal courts throughout the country with pending Vioxx product liability actions have

7  analyzed the above-referenced factors in determining whether a stay of proceedings pending the

8  MDL Panel's decision as to transfer is appropriate.  To date, an overwhelming majority of these

9  courts have issued stays. *See, e.g., In the Matter of Civil Actions Against Merck & Co., Inc.*, No.

10 6:05-cv-06659-DGL, Document 25 (W.D.N.Y. Mar. 1, 2006) (staying 70 Vioxx cases pending

11 transfer to the MDL, holding "it is still the general rule . . . for federal courts to defer ruling on

12 pending motions to remand in MDL litigation until after the [JPML] has transferred the case to the

13 MDL panel."); *Hatch v. Merck & Co., Inc.*, No. 05 Civ. 1252, 2005 WL 2436716, at *2 (W.D. Tenn.

14 Oct. 3, 2005) (granting Merck's stay holding that "having the . . . issues decided in one proceeding

15 will promote judicial economy and conserve judicial resources"); *see also Euell v. Merck & Co.,

16 Inc.*, 05 Civ. 1497, 2005 WL 2348487, at * 1 (E.D. Mo. Sept. 26, 2005) ("The Court finds Defendant

17 Merck's judicial economy argument persuasive and concludes that . . . Merck's Motion will be

18 granted."); *Falick v. Merck & Co., Inc.*, No. 04 Civ. 3006, (E.D. La. Jan. 3, 2005), slip op. at 2

19 ("Considering the multitude of cases currently stayed due to the pending MDL coordination, the

20 Court finds that staying proceedings will serve the interests of judicial economy."); *Gaffney v.

21 Merck & Co., Inc,*, No. 05 Civ. 1183, 2005 WL 1700772, at *1 (W.D. Tenn. July 19, 2005) (same);

22 *Walker v. Merck & Co., Inc.*, 05 Civ. 360, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) (same)

23 *See also, McCrerey v. Merck*, Case No. 04-2576 WQH (S.D. Cal. March 2, 2005) ("judicial

24 economy and consistency will be best served by a stay in this case, pending transfer decision by the

25 Judicial Panel on Multi-District Litigation."); *Johnson v. Merck & Co., Inc.*, Case No.

26 C-05-02881-MHP (N.D. Cal. Oct. 3, 2005) ("the number of cases presenting issues similar to this

27 action and the need for judicial consistency with respect to those cases . . . favors staying this action

28 pending its transfer to MDL Proceeding No. 1657."). *See also, e.g., Stark v. Merck & Co., Inc., et*

MERCK & CO., INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*al.*, No. 2:06-0593 (DFL) (E.D. Cal., May 9, 2006); *Cline v. Merck & Co., Inc., et al.*, No. 2:06-cv-0487 (LKK) (E.D. Cal., May 19, 2006); *Carrington v. Merck & Co., Inc., et al.*, No. 2:06-cv-0718 (LKK) (E.D. Cal., May 18, 2006); *Zehrung v. Merck & Co., Inc., et al.*, No. 05cv2437 (DFL) (E.D. Cal. Feb. Feb. 14, 2006); *Skillsky v. Merck & Co., Inc., et al.*, No. 05cv2218 (DFL) (E.D. Cal. Feb. 14, 2006); *Welch v. Merck& Co., Inc., et al.*, No. 05cv2267 (WBS) (E.D. Cal. Feb. 6, 2006); *Leeson v. Merck & Co., Inc., et al.*, No. 05cv2240 (WBS) (E.D. Cal. Jan 27, 2006); *Lame Bull v. Merck & Co., Inc.*, No 05cv2465 (LKK) (E.D. Cal. Jan. 24, 2006); *In re: Vioxx Product Liability Cases*, Lead Case No. 05cv0943DMS (LSP) (S.D. CA July 11, 2005) (staying eighteen consolidated cases with remand motions pending); *see also Purcell v. Merck & Co., Inc.*, No. 05cv0443-L (BLM) (S. D. Cal. June 6, 2005) (Lorenz, J.).

## A.    Judicial Economy Mandates A Stay

Granting a stay of proceedings here will promote judicial economy. The purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner. *See* 28 U.S.C. 1407(a). Where, as here, the MDL Panel has already coordinated Vioxx product liability actions before Judge Fallon in the Eastern District of Louisiana, there is no question that a stay of these proceedings will promote judicial economy. *See Euell*, 2005 WL 2348487, at * 1 ("This case involves the same factual inquiries that are present in the other hundreds of VIOXX cases . . . the Court . . . concludes that judicial economy weighs in favor of granting the requested stay."); *see also Mathern v. Wyeth*, No. 04 Civ. 2116, 2004 WL 1922028, at *1 (E.D. La. August 25, 2004); *Knearem v. Bayer Corp.*, 02 Civ. 2096, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002). See also *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (holding the court should not expend limited resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge.").

It is well settled that a district court is best served not expending resources "familiarizing itself with the intricacies of an action that will be coordinated for pretrial management before a transferee judge." *Rivers,* 980 F. Supp. at 1360 (C.D. Cal. 1997); *see also Gorea v. Gillette Co.,*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No. 05 Civ. 2425, 2005 WL 2373440, at * 1 (W.D. Tenn. Sept. 26, 2005) ("a stay is warranted in this case . . . the court would have to use judicial resources in making rulings . . . in a case over which it might ultimately lose jurisdiction.").  Granting a stay of this action pending its inevitable transfer to MDL-1657 will conserve the resources of this court and prevent duplicative discovery and pretrial management efforts.  *See Rivers*, 980 F. Supp. at 1360  ("any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge assigned to handle the consolidated litigation."); *see also, U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 02 Civ. 853, 2002 WL 31114069, at * 2 (N.D. Tex. Sept. 23, 2002) ("if the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted.").

**B.    Merck Will Be Prejudiced Absent A Stay**

The prejudice to Merck absent a stay far outweighs any perceived or potential prejudice to plaintiff if a stay is granted.  *See American Seafood, Inc. v. Magnolia Processing*, Nos. 92 Civ. 1030, 92 Civ. 1086, 1992 WL 102762, at * 2 (E. D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that . . . prejudice to the defendants weigh heavily in favor of a stay.").  There are currently over 2,500 Vioxx actions being coordinated in MDL-1657.  If individual district courts allowed cases to proceed in the short window between the time cases were filed in or removed to individual federal district courts and they were transferred to Judge Fallon, Merck would face death by a thousand cuts.  Plaintiffs would be free to pursue a strategy of aggressively litigating, and getting discovery in, hundreds of individual cases for the period of weeks it takes for cases that inarguably meet the §1407 transfer standard to be transferred to Judge Fallon's court.  Judge Fallon has established detailed protocols to manage the litigation through the disposition motion phase.  Merck should not be forced to engage in unnecessary and duplicative discovery and motion practice.  *See Wilbanks v. Merck & Co., Inc.*, No. 05-Civ. 1241, 2005 WL 2234071, at * 1 (W.D. Tenn. Sept 13, 2005) (granting a stay holding that "in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant."); *see also Gorea*, 2005 WL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    2372440, at * 1  ("whereas without a stay [pending transfer to the MDL court], the burden on

2    Gillette of having to . . . engage in limited discovery . . . would be significant.").

3

4    **C.    Plaintiffs Will Not Suffer Prejudice or Inequity If A Stay Were Granted**

5

6        The potential prejudice to plaintiffs if the action is stayed is non-existent.  Plaintiffs have

7    expended limited resources to date; this action is still in its infancy and discovery has not yet begun.

8    Whatever limited discovery could take place in the next several weeks will be wholly subsumed and

9    superseded by the discovery that will take place in the MDL.  Thus, Plaintiffs will not suffer

10   prejudice as a result of a stay.

11

12                              **IV.    CONCLUSION**

13

14       For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay

15   all proceedings in this case pending transfer to the MDL proceeding that has been established in the

16   Eastern District of Louisiana.

17

18   DATED:  October 18, 2007                    REED SMITH LLP

19

20                                    By _____

21                                        Alison B. Riddell
                                         Attorney for Defendant
22                                        Merck & Co., Inc.

23

24

25

26

27

28

MERCK & CO., INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP<br>A limited liability partnership formed in the State of Delaware

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On October 18, 2007, I served the following document(s) by the method indicated below:

**DEFENDANT MERCK & CO., INC.'S NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

☐ by transmitting via facsimile on this date from fax number +1 415 391 8269 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

**Martin G. Hernandez**
**Maria C. Hernandez**
**2674 Nemaha Way**
**Stockton, CA 95206**

DOCSSFO-12491854.1

1

    I declare under penalty of perjury under the laws of the United States that the above is
true and correct.  Executed on October 18, 2007, at San Francisco, California.

2

3

4

_____

5

D. Rothschild

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 2 –

CERTIFICATE OF SERVICE

DOCSSFO-12491854.1